O
JS-6

# United States District Court
# Central District of California

ALLAN STUART TALBERT, JR.,

Plaintiff,

v.

ALBERTELLI LAW PARTNERS CALIFORNIA, PA, as successor in interest to CALIFORNIA RECONVEYANCE CO.,

Defendant,

Case No. 2:14-cv-05706-ODW(SHx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]**

## I.    INTRODUCTION

Pending before the Court is a Motion to Dismiss filed by Defendant Albertelli Law Partners California, PA ("ALP").  (ECF No. 21.)  Plaintiff Allan Stuart Talbert, Jr.'s Complaint alleges that ALP violated state and federal debt collection laws in connection with a nonjudicial foreclosure proceeding.  (ECF No. 3.)  For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.[1]

## II.    FACTUAL BACKGROUND

In 2013, Talbert defaulted on his mortgage and was subject to a nonjudicial

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

foreclosure sale.  On July 26, 2013, Talbert received a letter from ALP which stated that the foreclosure sale of Talbert's home was postposed several weeks.  (ECF No. 3, Ex. A.)   The envelope containing the letter was addressed to "RESIDENT OF PROPERTY SUBJECT TO FORECLOSURE SALE."  (Compl. ¶ 6.)

In Talbert's two-count Complaint, he alleges that ALP violated the Federal Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), and California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code § 1788.12, "by indicating on the face of the envelope the words 'FORECLOSURE SALE.'"  (Compl. ¶¶ 16, 19.)

## III.   LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleading in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Talbert failed to state a claim upon which relief can be granted because ALP is not subject to the FDCPA or the Rosenthal Act.

The FDCPA regulates conduct between consumers and "debt collectors."  *See*

*Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009). "In order for a plaintiff to recover under the FDCPA, there are three threshold requirements:  (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009).  A "debt collector" under the FDCPA is one who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or associated to be owed or due another."  15 U.S.C. § 1692a(6).

"Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that nonjudicial foreclosure is not debt collection."  *Snell v. Deutsche Bank Nat. Trust Co.*, No. 2:13-cv-2178, 2015 WL 1440295, at *3 (E.D. Cal. Mar. 26, 2015) (quoting *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1136 (N.D. Cal. 2013)).  *See also Aguirre v. Cal-Western Reconveyance Corp.*, No. 11-cv-6911, 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ("[L]aw is well-settled that creditors, mortgagors, and mortgage service companies are not debt collectors and are statutorily exempt from liability under the FDCPA."); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.").

Talbert alleges that ALP "is a debt collector within the meaning of the FDCPA."  (Compl. ¶ 15.)  ALP's actions in this case, which were conducted in furtherance of the nonjudicial foreclosure sale of Talbert's home, were not "debt collections."  *Rockridge Trust*, 985 F. Supp. 2d at 1136.  Therefore, Talbert has no claim under the FDCPA based on the allegedly unlawful markings on an envelope.  Talbert's FDCPA cause of action fails to state a claim upon which relief can be

1    granted.  *See Twombly*, 550 U.S. at 570.

2        Similarly, the Rosenthal Act does not apply to actions in furtherance of

3    nonjudicial foreclosures.   The Rosenthal Act "prohibit[s] debt collectors from

4    engaging in unfair and deceptive practices in the collection of consumer debts and to

5    require debtors to act fairly in entering into and honor such debts."  Cal. Civ. Code

6    § 1788.1(b).  Under the Rosenthal Act a "debt collector" is "any person who, in the

7    ordinary course of business, regularly, on behalf of himself or others, engages in debt

8    collection."  Cal. Civ. Code § 1788.2(c).   "[F]oreclosure pursuant to a deed of trust

9    does not constitute debt collection under the [Rosenthal Act]."  *Castaneda v. Saxon*

10   *Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009).  *See also Izenberg v.*

11   *ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("[F]oreclosure does

12   not constitute debt collection under the [Rosenthal Act]."); *Ricon v. Recontrust Co.*,

13   No. 09-cv-0937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) ("Plaintiff's

14   Rosenthal Act claim fails because the Rosenthal Act does not apply to lenders

15   foreclosing on a deed of trust.")

16       Talbert alleges that ALP "is a debt collector within the meaning of the

17   [Rosenthal Act]."  (Compl. ¶ 18.)   However, Talbert is once again mistaken.   If

18   actions in furtherance of a foreclosure sale do not fall within the ambit of the

19   Rosenthal Act, then neither does a letter informing a debtor that his foreclosure is

20   postponed.  *See Castaneda*, 687 F. Supp. 2d at 1197.  Accordingly, Talbert has failed

21   to state a claim upon which relief can be granted under the Rosenthal Act.  *See*

22   *Twombly*, 550 U.S. at 570.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## V.    CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss.   (ECF No. 21.)   Talbert provided no indication that amending the Complaint is possible, and the Court concludes that granting Talbert leave to amend would be futile.  *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). This action is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 8, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**